## MISSISSIPPI & TENNESSEE RAILROAD COMPANY *v.* JOHN R. AYRES.

1. EXPERT TESTIMONY. *Competency. of.* Evidence of an expert is not rendered incompetent because based upon an *ex parte* examination. The objection to such may go to the weight and not to the competency. The examination may be made pending the suit, or it may be an old examination; in either case the testimony of the expert is equally competent.

2. OBJECTIONS. *Action of court caused by. Answers partly illegal. Effect upon the whole.* A defendant can not be heard in complaint against the action of the court brought about by his own objection; so the illegal part of an answer does not taint the whole, if the illegal part be stricken out.

3. MORTALITY TABLES. *Introduction as evidence.* In estimating the expectancy of life, mortality tables used by reputable insurance companies may be introduced as evidence.

4. CORPORATIONS. *Chartered in two States. Where suit may be brought.* The summons in this case is issued against the Mississippi & Tennessee Railroad Company generally, but the declaration is against the company as a corporation chartered under the laws of Tennessee. No objection was made that a corporation chartered in Tennessee could not be sued for the result of an accident in Mississippi. It was contended in the Supreme Court that the road was also incorporated in the State of Mississippi, and that the action should have been against that corporation and not against the Tennessee one. *Held,* that as the officers of the company are the same for both States, and the ticket of the plaintiff was not a coupon ticket, but a single one, that the contract must be treated as that of each company, upon which either might be sued.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

C. F. VANCE for Railroad Company.

METCALF & WALKER for Ayres.

COOPER, J., delivered the opinion of the court.

Action by Ayres against the Railroad Company for damages for a personal injury. The verdict and judgment were in his favor, and, upon the appeal in error of the company, the Referees have reported the judgment should be affirmed. The company has filed exceptions.

The evidence, as embodied in the bill of exceptions, is sufficient to sustain the verdict. The principal assignment of error is based upon the rulings of the trial court in the admission of evidence.

The plaintiff below sought to show that his health was permanently affected by the shock to his system caused by the derailment and overturning, down an embankment, of the defendant's car, in which he was being carried as a passenger. For this purpose he ntroduced the testimony of Dr. Logan, who had examined him, as the medical examiner of an insurance company, pending the litigation. When the deposition of the witness was offered in evidence, the defendant "moved to exclude so much of the deposition wherein he testifies as an expert to the physical infirmities of the plaintiff, and the causes thereof, on the ground that his evidence as such expert was based on an examination of plaintiff made several years after the accident to which his infirmities were attributed by said witness, and made as medical examiner of a life insurance company, and not in the relation of physician and patient, which said testimony is embraced in an-

swer to the sixth, seventh and eighth direct interrogatories." Whereupon, says the bill of exceptions, the court overruled the exceptions in part, and allowed the answers to be read to the jury, except certain parts mentioned, which were stricken out. The point of objection now made is that an *ex parte* examination of a person alleged to be injured, made during the pendency of a suit for damages on account of the injury, and made ostensibly for the purpose of getting a life policy, but really for the purpose of evidence in the pending suit, and by a medical examiner of an insurance company, and not as an attending physician, and several years after the infliction of the injury, is not such an examination as the law requires, and the testimony of the witness not competent evidence. The authorities cited in support of this objection are merely cases in which the court, upon the application of one or both parties, has appointed experts to make an examination of the person injured with a view to ascertain the extent of the injuries. This is, no doubt, the best mode of obtaining the testimony of experts. But we do not understand that it has ever been held that the evidence of an expert is rendered incompetent because based upon an *ex parte* examination. The objection may go to its weight, not its competency. And the examination may undoubtedly be made pending the suit. The evidence is equally competent, whether based upon an old or a recent examination: *Lipes* v. *State*, 15 Lea, 125. And the fact that the examination was made by the witness under the belief that he was acting in an official capacity, and not as if

hired· for the occasion, would tend to strengthen rather than weaken the force of the testimony.  · The objection relied on is therefore not well taken.

It is another question whether the declarations of the person ·injured as to the circumstances of the injury, and the effect of the injuries, made after the commencement of the litigation, would be admissible, or even the opinion of an expert based on such declarations.   But the trial judge struck out, and excluded from the jury, so much of the deposition as might have subjected the testimony to the objections suggested, leaving only the statement of the witness, based on his own examination, and the objection had nothing to rest on.   And the defendant can not complain of the action of the court brought about by his own objection, which was directed to "so much of the deposition." The illegal part of an answer· does not taint the whole, if the illegal part be stricken out.

The defendant excepted to the answer of Dr. Holliday to the fourth direct question in his deposition, upon the ground that it ⁚ was based wholly, or in part, on the "full account of the railroad injury received by Ayres in November, 1882, and his long confinement from the effects of the same."   The court overruled the exception, for the reason that the answer did not appear to the court to be so based.   The answer objected to is: "My opinion, formed at my first examination and corroborated by repeated examinations, confirm my belief that all his ailments arise ·from severe contusions, and resulting in. concussion of the brain· The above ·reasons are · all that I can imagine would

Railroad Company *v.* Ayres.

produce such evident, and at the same time obstinate, deviations from a healthy condition." Clearly, there is nothing on the face of the answer to sustain the objection made. It does not purport to be based on any thing the plaintiff may have told him. And if there was any discrepancy between the testimony of the witness as to the severe contusions, and the proof of other witnesses in regard to the open injuries, that was a matter for comment before the jury.

The plaintiff, after first proving the use of the American mortality tables by insurance companies in estimating the value of human life at different ages, offered these tables in evidence. The bill of exceptions says: "Defendant objects to the introduction of that table." The objection was overruled, and this is now assigned as error. The objection is perhaps too general for any purpose. But the point now made is that the tables could only be admitted on proof of universal adoption as authority for life expectancy. But we do not think any such proof is required. The expectancy of life is ascertained by the average mortality of large numbers, and for convenience these averages are gathered into tables. There are several such tables, English and American, and any of them shown to be used by reputable insurance companies, with such other proof as the parties may offer, either as to the condition of the individual or the general mortality of the community, would be admissible. This is recognized in *Carnes* v. *Polk*, 5 Heis., 244, where it was also properly held that the habits, age and constitution of a life tenant should be taken into consideration in

estimating the expectancy of life, and the value of the life estate.

The deposition of Dr. Jones was taken by the defendant. On the trial the defendant examined the witness orally, and the court, after refusing to permit the plaintiff to prove by the witness the correctness of his deposition, permitted the plaintiff to read the deposition as his evidence. The defendant, it seems, made no objection at the time, but now says that the deposition contained matter not testified to orally by the witness, and that the right of cross-examination as to this matter was cut off. But the witness was present and could have been examined by the defendant as to these matters. And the defendant was properly allowed to read the deposition: *Brandon* v. *Mullenix*, 11 Heis., 446.

There is nothing in the objection to the recall of the plaintiff as a witness, the court exercising an admitted discretion without abuse of that discretion.

The Mississippi & Tennessee Railroad Company is a corporation owning and operating a railroad from Memphis, Tennessee, to Grenada, Mississippi. The plaintiff bought a railroad ticket, entitling him to be carried by said company on said road from Como, in the State of Mississippi, to Memphis. It was while being carried on this trip that the accident occurred in the State of Mississippi by which the injury sued for was sustained. The summons issued in this case is against the Mississippi & Tennessee Railroad Company generally, but the declaration is against the company as a corporation chartered by the State of Tennessee. The

declaration bases the plaintiff's action upon the violation of the contract of carriage, created by the purchase of the ticket. The defendant put in only the plea of not guilty. No objection was taken in the court below that the company, as a Tennessee corporation, could not be sued for the result of an accident which took place in the State of Mississippi, nor was any objection made to the admission of evidence on this ground. It is now for the first time contended that the company was also incorporated in the State of Mississippi, and the action should have been against that corporation, not the Tennessee corporation. But it sufficiently appears that the officers of the two corporations, if there are two, are the same for both, and that the road is run as one in both States: Morawetz on Corporations, sec. 528. The ticket of the plaintiff is not shown to have been a coupon ticket, one for each corporation, but a single ticket. Under these circumstances, the contract must be treated as the contract of each company, upon which either might have been sued, as was intimated in the *Railroad Company* v. *Sprayberry*, 9 Heis., 852. The defendant has virtually admitted that the arrangement between the two corporations, conceding that there are two, would work this result, by the defense made, and the course pursued in this case. The objection is not well taken, even if it does not, in any event, come too late.

The only objection taken to the charge of the court is to this clause: "It is the duty of the defendant, in running its train of cars for the carriage of passengers by the agency of steam, to exercise by its agents

and employes the highest degree of care and skill of which men of intelligence and prudence are capable." That is the law of this and other States, and we have not been furnished with any Mississippi authority holding otherwise in the case of a passenger train.

The exceptions to the Referees' report will be overruled, and the judgment below affirmed.